UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SAMUEL D. ISALY,

       Plaintiff,

  -v-                                               No.  18 CV 9620-LTS-GWG

BOSTON GLOBE MEDIA PARTNERS LLC,

       Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is Plaintiff Samuel Isaly's ("Plaintiff's") motion for reconsideration of the Court's September 23, 2020, Memorandum Order (docket entry no. 72, ("the Decision")), in which the Court dismissed Plaintiff's second amended complaint ("SAC") for failure to state a claim upon which relief can be granted. (Docket entry no. 76.) In his motion, Plaintiff contests the Decision's dismissal of Plaintiff's defamation claims on the basis that he failed to plausibly allege gross irresponsibility on the part of Boston Globe Media Partners LLC ("Defendant"). (See Decision.) Plaintiff argues that reconsideration of the Decision is warranted because the Court overlooked the fact that Defendant published an inaccurate description of Plaintiff's quadriplegia, and consequently the Court rendered a clearly erroneous and manifestly unjust decision when it held that the SAC did not allege plausibly a reason for Defendant to have doubted the allegedly defamatory allegations. (Docket entry no.

77.) The Court has reviewed carefully all of the parties' submissions[1] and, for the following reasons, denies Plaintiff's motion in its entirety.

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." MPD Accessories B.V. v. Urban Outfitters, Inc., 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (internal quotation marks omitted). Accordingly, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." United States v. Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). "[U]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[,]" reconsideration is generally denied. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and is committed to the discretion of the court." S.E.C. v. Wojeski, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) aff'd sub nom. Smith v. S.E.C., 432 F. App'x 10 (2d Cir. 2011).

In the Decision, the Court held that the facts alleged in the SAC were insufficient to establish plausibly that Damien Garde, Defendant's reporter and the author of the alleged

---

[1] The Court has reviewed the parties' memoranda, located at docket entry numbers 77-79. The Court assumes the parties' familiarity with the record.

defamatory article ("the Article"), was grossly irresponsible in publishing the allegations that Plaintiff complains were defamatory.  Viewing the SAC's allegations, and drawing all reasonable inferences therefrom, in the light most favorable to Plaintiff, the Court held that because Plaintiff failed to plead facts demonstrating that the actions attributed to him were impossible, the SAC did not allege plausibly that Garde had reason to doubt the accuracy of the allegations published in the Article.

Plaintiff asserts that the Court overlooked the extent of Plaintiff's paralysis, arguing the Court did "not discern[] the discrepancy between the Article's description of [Plaintiff's] injury and . . . quadriplegi[a]."  (Docket entry no. 77, at 5.)  The Article described Plaintiff as "partially paralyzed" as a result of an accident that "left him without the use of his legs" (Article, at 4, 10), which Plaintiff argues describes paraplegia rather than his condition of quadriplegia.  (Docket entry no. 79, at 1.)  Plaintiff argues that the Court overlooked the Article's misleading description of his condition because an accurate understanding of his physical limitations would render impossible the allegation that he sent sexually explicit emails and text messages to female employees, and therefore would render plausible Plaintiff's claim that Garde had reason to doubt that allegation.  (Docket entry no. 79, at 1-2.)

The Court did not overlook the fact that Plaintiff is quadriplegic, (see Decision, at 2) ("Plaintiff is quadriplegic due to an athletic injury suffered when he was a teenager"), as Plaintiff apparently concedes.  (See Docket entry no. 77, at 5) ("the Court properly recognized . . . his disability is substantially greater [than the Article described]").  The Court properly assumed the truth of Plaintiff's physical limitations described in the SAC, recognized that Plaintiff required assistance to operate a telephone, computer keyboard, and computer mouse (Decision, at 2), and held that the allegations of sexually explicit emails, texts, and calls did not

describe first-hand accounts of Plaintiff taking a physical action his quadriplegia would have made impossible. (Decision, at 12.) Accordingly, Plaintiff has not identified factual allegations the Court overlooked in the Decision.[2]

Nor did the Court err in determining that the SAC failed to allege plausibly gross irresponsibility on the part of Garde. The SAC failed to allege facts from which the Court could infer plausibly that Garde published an accusation of physical activity that was impossible for Plaintiff to undertake. As Plaintiff concedes, the Article's allegation about texts, calls, and emails did not assert physical activity by Plaintiff (docket entry no. 79, at 7-8), and Garde was told of, and witnessed, Plaintiff's need for assistance with daily tasks such as eating and operating electronic equipment. (Decision, at n.3, 12.) Upon these facts and all reasonable inferences drawn therefrom, the SAC did not allege plausibly that Garde had reason to doubt the accuracy of the Article's allegations regarding texts, calls, and emails such that it was grossly irresponsible to publish them. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'") (citation omitted). Plaintiff's argument that if the Court had not overlooked the extent of his paralysis the plausibility of this physical impossibility argument would have been clear to the Court repeats an argument raised in opposition to the motion to dismiss and is therefore not appropriate on a motion for reconsideration. Analytical

---

[2] Plaintiff also argues that "Garde's false reporting of [Plaintiff's quadriplegia] is legally sufficient to support the conclusion at the pleading stage that the Article was grossly irresponsible." (Docket entry no. 79, at 5.) In a defamation action under New York law, the "complaint must set forth the particular words allegedly constituting defamation." Epifani v. Johnson, 882 N.Y.S.2d 234, 242 (N.Y. 2d Dept. 2009) (citing N.Y. C.P.L.R. § 3016(a) ("the particular words complained of shall be set forth in the complaint")). The SAC did not identify the Article's description of Plaintiff as "partially paralyzed" or "without the use of his legs" as defamatory. (See generally, SAC.) Accordingly, the SAC cannot state a defamation claim based on these statements.

Surv., Inc., 684 F.3d at 52 (holding reconsideration "is not a vehicle for relitigating old issues . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple.")

CONCLUSION

For the forgoing reasons, Plaintiff's motion to reconsider the Court's Memorandum Order dated September 23, 2020, is denied in its entirety.

This Memorandum Opinion and Order resolves Docket Entry Number 76.

SO ORDERED.

Dated: New York, New York
May 13, 2021

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge